
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ERICK LINA, individually, and on behalf of other members of the general public similarly situated,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>BARNES AND NOBLE INC., a Delaware corporation and BARNES AND NOBLE BOOKSELLERS INC., a Delaware corporation,<br><br>    Defendants - Appellants. | No. 12-55598<br><br>D.C. No. 2:11-cv-07206-GHK-CW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted May 10, 2012
Pasadena, California

Before: D.W. NELSON, FISHER, and CHRISTEN, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Barnes & Noble, Inc. ("B&N") appeals the district court's order granting Erick Lina's motion to remand his class action to state court. We have jurisdiction pursuant to 28 U.S.C. § 1453(c)(1), and we affirm.

The district court did not abuse its discretion in concluding that the Declaration of Marvin Adams lacked foundation. *See* Fed. R. Civ. P. 56(c)(4). The record is unclear whether Adams supervised all B&N stores in California as opposed to merely a subset, and what responsibilities his position entailed. Absent this information, the district court was justified in refusing to infer that Adams knew the circumstances of all the Store Managers across California.

Even assuming Adams supervised all California stores, his Declaration does not explain how he learned the details concerning the Store Managers' average annual salaries, typical schedules, and break periods. It was not unreasonable for the district court to expect that Adams took steps to ascertain these facts, and thus, to require Adams to lay that foundation.

Further, the district court's refusal to give B&N an opportunity to cure these defects was not an abuse of discretion. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (per curiam); 28 U.S.C. § 1446(b)(3).

For these reasons, the district court's order is

**AFFIRMED.**

2